Alexander W. Kramer, J.
Motion by defendant for an order pursuant to section 1909 of the UDCA to review the refusal of the Clerk of this court to tax disbursements pursuant to subdivision (f) of section 1908 of the UDCA, and CPLR 8301 (subd. [c]) and to direct the Clerk to enter the judgment of reversal as proposed.
*440 Heretofore, the defendant herein made a motion seeking to be relieved of its default and asking the court to vacate the judgment which had been entered against it. Said motion was denied by one of the Judges of this court. The order of denial was appealed to the Appellate Term; that tribunal unanimously reversed the order of denial, without costs, and granted the motion to open the default. A copy of the order of the Appellate Term, constituting the remittitur, has been made part of the files of this court.
The judgment as submitted by the defendant provides for another judgment of this court to reverse the order of the Judge who made the original order of denial. This court feels that such procedure is highly improper.
We can find nothing which vests in one court the jurisdiction or authority to reverse the findings of another court of equal jurisdiction. In our opinion, it would be incongruous — to say the least — for one Judge of our court to take it upon himself to reverse another Judge thereof.
Indeed, in view of the order of the Appellate Term, dated December 2, 1966, such procedure is utterly unnecessary.
The proposed judgment further provides for the taxation of disbursements.
Section 1907 of the UDCA required the Clerk of this court to tax costs “ upon rendition of judgment ”. By virtue of the appeal and the granting of the appeal at the Appellate Term level, no ‘ ‘ rendition of judgment ’ ’ is involved.
The rendition of judgment alluded to is one that would normally flow from litigation pending within the court, as the result of which judgment for either party would follow in the processing of the matter. In other words were the judgment of the court found to be in favor of the plaintiff or the defendant, the successful party could then enter judgment accordingly and the entry of costs would necessarily follow — as the night the day— because of, as the statute provides, “ the rendition of judgment.”
Here, however, the order of the Appellate Term provided for the reversal of the order under attack before it “ ivithout costs ”. It is our opinion that the rendition of the order of reversal by the Appellate Term made it mandatory upon the Clerk of this court to restore the trial of the issues involved herein to the Trial Calendar for determination. Had the Appellate Term directed the allowance of costs, it would then have become the clear-cut duty of the Clerk of the court to tax costs in accordance with section 1907 of the UDCA. In that event, section 1908 of the UDCA would have come into play. That section provides that disbursements may be included in the taxation in two *441 instances: (1) where costs have been awarded to a party; and (2) where there is a prevailing party who has appeared in person. The defendant in this case fits neither category.
If the defendant sincerely believes that it is entitled to the taxation of the disbursements in question, its remedy is to apply to the Appellate Term for modification of its order dated December 2, 1966.
The Clerk of this court should place this matter upon our Trial Calendar for disposition at the earliest possible date. The motion is denied, with costs.